## SMITH v. TRAMEL.

1. **Promissory Note:** FORGED SIGNATURE: RATIFICATION: FACTS NOT CONSTITUTING. Where a party whose name had been forged to a note, upon being asked by the holder whether he had authorized the writing of his name, answered evasively, but clearly intimated that he had not, but assured the holder that the note would be paid, *held* that he did not thereby ratify the signature, and make himself liable in an action on the note.

2. ———: ———: PROMISE TO PAY: ESTOPPEL. An oral promise, made by one whose name has been forged to a note to pay the note, is but a promise to pay the debt of another, within the meaning of the statute of frauds, and such promise cannot estop the promisor from denying the validity of his signature.

<em>Appeal from Jasper District Court.</em>

WEDNESDAY, APRIL 7.

ACTION upon a promissory note given for money borrowed by one Joseph M. Tramel, and signed by him, and purporting to be signed by the defendant, W. A. Tramel. The latter denied that he signed the note, or authorized any one to sign the note for him. The plaintiff, by reply, averred that the defendant ratified his signature to the note; also that he promised to pay it; and also that he was estopped by his conduct from denying the genuineness of his signature. There was a trial to the court, and judgment was rendered for the plaintiff. The defendant appeals.

*Winslow & Varnum*, for appellant.

*Ryan & McElroy*, for appellee.

ADAMS, CH. J.—The evidence shows, and the counsel for the plaintiff concede, that the defendant's signature was forged. They seek, however, to recover upon the note upon two grounds: *First*, upon the ground that the defendant ratified and adopted the signature; and, *second*, upon the ground that he estopped himself from denying that it was genuine.

Much is said about an oral contract to pay the note; but the action is brought simply upon the note, and not upon such oral contract, and we have only to consider the question in respect to ratification, and the question in respect to estoppel.

I. It is contended by the defendant that an act of forgery cannot be ratified. Upon this question we have to say that there appears to be a conflict in the decisions. But we do not need to determine the question. We think that there was no evidence tending to show an intention to ratify the forgery. It seems to be assumed that the forgery was committed by Joseph M. Tramel, a brother of the defendant, and principal maker of the note. Before the note became due, the plaintiff became informed in some way that there was some question in regard to the genuineness of the signature. The plaintiff, upon seeing the defendant, asked him this question: "Mr. Tramel, did you sign that note with your brother?" To this defendant answered: "I don't want to be quizzed too much; but you shall have your pay." The plaintiff then pressed him further. He said to him. "It is necessary for me to know. I want a direct answer to the question from you whether you signed that note or not." The defendant answered: "I never saw that note before, but you shall have your pay all the same." Again the defendant said: "You keep still, and you shall

have your money the same as if I signed it." He said, also: "My father is an old man. He has never had any trouble in his family. It would be a sore thing for him. I am afraid it would make him crazy." At another time the plaintiff asked the defendant about Joseph's authority. The question he put was in these words: "Have you given him authority to put your name down there?" He replied: "It did not make any difference; if you get your pay, that is all that is required."

When the defendant said that it would make his father crazy, he distinctly intimated that the note was a forgery. There was virtually a repudiation of authority, and we see nothing to indicate that he intended to adopt his brother's act as his own. He doubtless expected that the note would be paid. It may be that he intended to assist his brother if necessary. But this is quite different from an intention to make the note his contract. If he had gone so far as to promise to pay the note, we could not infer that he intended anything more than to bind himself by his oral promise. There is a class of cases where a failure to repudiate an act may be regarded as a ratification. Where one person assumes to act as the agent of another, and for his benefit, and in pursuance of the assumed agency makes a contract in the other's name, it would doubtless be the duty of the latter to repudiate the assumed agency within a reasonable time after hearing of the assumed agency. But in this case there was no assumed agency. Besides, as we have said, there was a virtual repudiation by the defendant, because there was a distinct intimation that the note was forged.

II. We come now to the question as to whether the defendant estopped himself from denying that his signature was genuine. It is said that the plaintiff, in reliance upon what the defendant said, gave the maker of the note indulgence, and lost an opportunity to secure it. But there was no estoppel unless the plaintiff changed his position for the worse in just reliance upon what

2. ——: ——:
promise to
pay: estop-
pel.

the defendant said. Now, what the defendant said amounted either to an expression of an opinion that the maker of the note would pay it, or else it was a promise that he himself would pay it. It is not pretended, of course, that the words used, if taken as an expression of an opinion, would constitute an estoppel. The pretense is that the words amounted to a promise that he would himself pay the note. But an oral promise to pay the debt of another cannot constitute an estoppel. If it could, all the mischief would be let in at once which the statute of frauds was designed to prevent. It is contended, to be sure, that the oral promise is to be taken in connection with the forged signature. But if the signature was forged, it went for nothing, and the oral promise to pay was like any other oral promise to pay the debt of another. If the plaintiff relied upon it, and changed his position for the worse, the case was like that of any other, where reliance is placed upon such oral promise.

In our opinion the judgment of the district court cannot be sustained.

REVERSED.