Filed March 29, 1888.

---

No. 13,204.

HENRY ET AL. *v.* HEEB.

PROMISSORY NOTE.—*Forgery.*— *Ratification.*— *Estoppel.*— *Consideration.*—In the absence of an estoppel *in pais*, or without a new consideration for the promise, an instrument to which the name of a person has been forged can not be ratified by him so as to make him liable thereon.

SAME.—*Signing by One Assuming to Act as Agent.*—If the name of a party is signed by one who assumes to act as his agent, or under pretence or

color of authority, ratification, understandingly, either by an express promise to pay or by accepting a chattel mortgage as indemnity, is equivalent to previous authority.

SAME.—*Ratification to Conceal Crime.—Public Policy.*—The ratification which the law interdicts relates only to such acts as clearly appear to have been done in violation of a criminal statute, the motive of the ratifying party being presumably the concealment of the crime or the suppression of its prosecution.

SAME.— *When Unauthorized Signature May be Ratified.*—Where the act ratified is of an ambiguous character, and may as well be attributed to a mistaken assumption of authority as to a criminal purpose, public policy does not forbid the adoption of the act, and it can not be said to be without consideration, especially where indemnity is accepted.

From the Fayette Circuit Court.

*R. Conner*, *H. L. Frost* and *J. I. Little*, for appellants.

*J. F. McKee* and *D. W. McKee*, for appellee.

MITCHELL, C. J.—This was a suit by Nicholas Heeb against Henry Heeb, John F. Schonert and James D. Henry to recover the amount of two promissory notes signed by Heeb & Schonert, who were partners, as principals, and by James D. Henry as surety.

The controversy is between the plaintiff and the appellant Henry, and relates exclusively to the note described in the second paragraph of the complaint, the execution of which Henry denied under oath. To the denial of the latter, the plaintiff replied, in substance, that the defendant, after having obtained full knowledge that the plaintiff held the note in controversy, ratified and confirmed the same, and promised to pay it, and accepted a chattel mortgage covering the partnership property of Heeb & Schonert, the principal debtors, as indemnity against any liability which might exist on account of his having become surety on the note. This was held to be a sufficient reply.

While there was much evidence tending to prove that the signature of Henry, as it appeared on the note, was his genuine signature, there was also evidence tending to prove that it was not genuine. The extent to which the evidence

Henry *et al. v.* Heeb.

went in that regard was to affirm the genuineness of the signature on the one hand, and to deny it on the other.    There was no evidence tending to incriminate any particular person, or directly pointing to any one as having perpetrated the crime of forgery in respect to the appellant's signature.    Besides, there was evidence which tended to show that one of the principal makers of the note had, with the appellant's consent, filled out blank notes, which had been previously signed by the latter as surety, and upon which the firm subsequently obtained loans of money.

The appellant testified that he neither signed, nor authorized any one to sign, his name to the note, "to the best of his knowledge."

There was some evidence tending to show that Henry recognized the validity of the note, and his liability to pay it, and that he had knowledge of the execution of a chattel mortgage by Schonert in the firm name to secure him and other creditors of the firm, and that the note in suit was one of the claims mentioned in the mortgage as having been signed by Henry as surety for Heeb & Schonert.

Relevant to the issue made by the plea of *non est factum,* and the reply thereto, and to the evidence pertaining to that feature of the case, the court instructed the jury, in substance, that if the appellant, after having obtained full knowledge upon the subject of whether or not he executed the note, ratified and confirmed the same, and promised to pay it, he would be liable for the amount thereof.    The judgment was favorable to the plaintiff below.    The ruling on the demurrer to the reply, and the giving the above instruction are complained of as causes for a reversal of the judgment.    The reply and the instruction present substantially the same question.

It does not appear that the promise of the appellant induced the plaintiff to change his position in any manner, or that in reliance thereon he surrendered any right or benefit whatever.    There is, therefore, no element of estoppel in the

case as presented either in the pleading or in the instruction of the court.

The appellant contends that a person whose name has been forged to a note can not ratify or adopt the criminal act, so as to become bound, unless facts have intervened which create an estoppel and preclude him from setting up as a defence that his signature is not genuine. There appears to be an irreconcilable conflict in the decisions of the courts of last resort on this question. Thus, in *Wellington* v. *Jackson,* 121 Mass. 157, the Supreme Judicial Court of Massachusetts, following its earlier decisions, held that one whose signature had been forged to a promissory note, who yet, with knowledge of all the circumstances, and intending to be bound by it, acknowledged the signature, and thus assumed the note as his own, was bound to the same extent as if the note had been signed by him originally, without regard to whether or not his acknowledgment amounted to an estoppel *in pais.* *Greenfield Bank* v. *Crafts,* 4 Allen, 447; *Bartlett* v. *Tucker,* 104 Mass. 336 (341). To the same effect is *Hefner* v. *Vandolah,* 62 Ill. 483 (14 Am. R. 106); *Fitzpatrick* v. *School Commissioners,* 7 Humph. 224.

There are other cases which, while seeming to lend support to the doctrine that a forged signature may be ratified, nevertheless turn upon the proposition that the holder of the note had in some way acted in reliance upon the promise or admission of the person whose name appeared on the note, or that the latter had received or participated in the consideration for which the note had been given, and was therefore estopped to deny the genuineness of his signature. Still other decisions depend upon principles which distinguish them from cases involving the doctrine of ratification or adoption of forged instruments purely. *Casco Bank* v. *Keene,* 53 Maine, 103; *Forsyth* v. *Day,* 46 Maine, 176; *Corser* v. *Paul,* 41 N. H. 24; *Woodruff* v. *Munroe,* 33 Md. 146; *Union Bank* v. *Middlebrook,* 33 Conn. 95; *Livings* v. *Wiler,* 32 Ill. 387; *Commercial Bank* v. *Warren,* 15 N. Y. 577; *Crout* v.

*De Wolf,* 1 R. I. 393 ; *McKenzie* v. *British Linen Co.,* L. R. 6 App. Cas. 82; *Forsythe* v. *Banta,* 5 Bush, 548.

It is a well established rule of law that if one, not assuming to act for himself, does an act for or in the name of another upon an assumption of authority to act as the agent of the latter, even though without any precedent authority whatever, if the person in whose name the act was performed subsequently ratifies or adopts what has been so done, the ratification relates back and supplies original authority to do the act. In such a case the principal is bound to the same extent as if the act had been done in the first instance by his previous authority, and this is so whether the act be detrimental to the principal or to his advantage, or whether it be founded in tort or contract. The reason is, that there was an open assumption to act as the agent of the party who subsequently adopted the act. The agency having been knowingly ratified, the ratification becomes equivalent to original authority. *Wilson* v. *Tumman,* 6 M. & G. 236 ; *Smith* v. *Tramel,* 68 Iowa, 488. So, if a contract be voidable on account of fraud practiced on one party, or if for any reason it might be avoided, yet if the party having the right to avoid the contract, being fully informed, deliberately confirms or ratifies it, even though this be done without a new consideration and after acts have been done which would have released the person affected, the party thus ratifying is thereby precluded from obtaining the relief he otherwise might have had. *Williams* v. *Boyd,* 75 Ind. 286.

The ratification or adoption of a forged instrument, or of a contract which is prohibited by law, or made in violation of a criminal statute, involves altogether different principles. One who commits the crime of forgery by signing the name of another to a promissory note does not assume to act as the agent of the person whose name is forged. Upon principle, there would seem to be no room to apply the doctrine of ratification or adoption of the act in such a case. Where the act done constitutes a crime, and is com-

mitted without any pretence of authority, it is difficult to understand how one who is in a sense the victim of the criminal act may adopt or ratify it, so as to become bound by a contract to which he is to all intents and purposes a stranger, and which as to him was conceived in a crime and is totally without consideration. As has been well said, it is impossible in such a case to attribute any motive to the ratifying party but that of concealing the crime and suppressing the prosecution; "for why should a man pay money without consideration when he himself had been wronged, unless constrained by a desire to shield the guilty party?"

The distinction made in many well considered cases seems to be this: where the act of signing constitutes the crime of forgery, while the person whose name has been forged may be estopped by his admissions, upon which others may have changed their relations from pleading the truth of the matter to their detriment, the act from which the crime springs can not, upon considerations of public policy, be ratified without a new consideration to support it. *Shisler* v. *Vandike*, 92 Pa. St. 447 (37 Am. R. 702); *McHugh* v. *County of Schuylkill*, 67 Pa. St. 391; *Workman* v. *Wright*, 33 Ohio St. 405 (31 Am. R. 546, and note); *Owsley* v. *Philips*, 78 Ky. 517; *Brooke* v. *Hook*, 24 Law Times, 34 (3 Alb. Law Jour. 255); 2 Daniel Neg. Instr. 1351, 1353; 2 Randolph Com. Paper, section 629.

In case of a known or conceded forgery, we are unable to discover any principle upon which a subsequent promise by the person whose name was forged can be held binding in the absence of an estoppel *in pais*, or without a new consideration for the promise; *Workman* v. *Wright, supra;* *Owsley* v. *Philips, supra.*

Notwithstanding the elaborate argument of counsel, our conclusion is, that neither the reply nor the instruction as applied to the evidence in the case before us presents the question of the ratification of a forged instrument.

The case was contested upon the one side on the theory

that the signature to the note was the appellant's genuine signature. There was no question of forgery involved in the case. There was no evidence pointing to the crime of forgery on the part of any one. The question was whether the note had been signed by the appellant, or by some one duly authorized by him. For anything that appears either in the reply or in the evidence, it may as well be assumed, if the appellant's name was not signed by himself, that it was signed by another under pretence of authority.

As we have seen, if the appellant's name was signed by some one who assumed to act as his agent, or under pretence or color of authority, ratification, understandingly, either by an express promise to pay, or by accepting a chattel mortgage as indemnity, would be equivalent to previous authority.

The ratification which the law interdicts relates only to such acts as clearly appear to have been done in violation of a criminal statute, the motive of the ratifying party being presumably the concealment of the crime or the suppression of its prosecution. Where, however, as in the present case, the act ratified is of an ambiguous character, and may as well be attributed to a mistaken assumption of authority as to a purpose to commit a crime, public policy does not forbid the adoption or ratification of the act; nor can it be said to be without consideration, especially where, as in the present case, indemnity has been accepted.

These conclusions lead to an affirmance of the judgment. Judgment affirmed, with costs.

Filed April 11, 1888.