PRITCHETT *v.* AHRENS ET AL.

[No. 3,333.    Filed January 4, 1901.]

CONTRACTS.—*Void for Illegality.—Ratification.*—A contract expressly prohibited by statute, such as a promissory note given for money won from the maker by the payee on the result of a wager, is absolutely void, and cannot be ratified without a new and valid consideration to support it. *pp. 58, 59.*

ESTOPPEL.—*Illegality of Contract.*—A party may estop himself as against an innocent purchaser for value to set up the illegality of a contract as a defense to an action thereon. *p. 59.*

SAME.—*Illegal Consideration.—Statements of Obligor.*—Where the maker of a note given for an illegal consideration, upon being asked concerning the note by one who said that he intended purchasing it replied that it was all right, but requested the questioner not to buy it until he could make an effort to pay it by a transfer of property to the payee, and such questioner bought it for a valuable consideration, in reliance upon such statement, the maker is estopped to deny the validity of the note. *p. 59.*

Pritchett *v.* Ahrens.

FRAUD.—*Misleading Statements.*—The denial of that which has been previously affirmed constitutes fraud, where another, who was induced to act by the first statement, is thereby injured. *p. 60.*

From the Tippecanoe Superior Court. *Affirmed.*

*A. Rice, W. S. Potter* and *C. R. Milford,* for appellant. *I. E. Schoonover,* for appellees.

HENLEY, C. J.—This was an action commenced before a justice of the peace by the appellees, who were the indorsees of a certain promissory note, against appellant, who was the maker of the note in suit. The original payee of the note who indorsed it to the appellees was one Edwin D. Ward. There was a trial by the court. The court found the facts specially and stated its conclusions of law thereon. The facts and the question of law arising upon the exceptions to the conclusions of law will fully appear from the special finding of facts, which was as follows: "(1) That on the 8th day of January, 1898, the defendant, James A. Pritchett, executed and delivered to one Edwin D. Ward a promissory note, reading in the words and figures following, to wit: '$100. January 8, 1898. Four months after date I promise to pay to the order of Edwin D. Ward $100, at Attica, Indiana, value received, with interest at · . . . . per cent. per annum. Jas. A. Pritchett.' (2) That the sole consideration for the execution of said note was money won by said Ward from the defendant on the result of a wager. (3) That said Ward for the consideration of $88, paid to him by the plaintiff, John W. Ahrens, assigned and delivered said note, by indorsement thereon, in writing, to the plaintiffs; said indorsement being as follows: 'Pay C. Lewis Ahrens and John W. Ahrens. Edwin D. Ward.' (4) That plaintiffs at the time they purchased said note had no knowledge, notice, or information, whatever, that the note was given for money won on the result of a wager, or that the defendant had, or claimed to have, any defense thereto. That plaintiffs, before purchasing said note, and in contemplation that one or both of them might purchase it, went

together with said note to the defendant, and placing the same in his hands told him that the plaintiff, C. Lewis Ahrens, had an account on the payee, Ward, and that he (C. Lewis Ahrens) thought of trading for the note and wanted his brother (the plaintiff) John W. Ahrens, to buy the note, and that they (plaintiffs) wanted to know from him (defendant) if the note was all right; that the defendant replied that the note was all right; and, after a little hesitation, further stated that he wished plaintiffs would wait a little while; that he (defendant) thought he could trade Ward some horses for the note and this would enable him to pay it cheaper than he could with the money; that the defendant made no further statement about the note, and did not inform or intimate to plaintiffs, or either of them, that he claimed to have any defense thereto. That plaintiffs afterwards, upon the faith of the defendant's statements, as aforesaid, which they believed to be true, purchased said note from said Ward, as hereinbefore found. (5) That there is due and unpaid on said note $105.60. And as conclusions of law upon the foregoing facts, the court finds that the defendant is estopped, as against plaintiffs, from urging as a defense to said note that the consideration therefor was money won on the result of a wager, and that the plaintiffs are entitled to have a judgment in this action against the defendant, on said note, for the said sum of $105.60."

This court, in the recent case of *Irwin* v. *Marquett, post,* 383, held that a contract prohibited by the statute was absolutely void, and that in a case precisely like the one at bar, except that the contract in the case cited was a check instead of a note, was absolutely void and incapable of enforcement, even in the hands of an innocent purchaser for value before maturity, and even though the contract be in form such as would make it governed by the law merchant.

The question of whether or not the facts found in the special finding amount to an estoppel, and whether or not

appellant's acts could be such as would amount to an estoppel in a case like this, was fully decided and disposed of in the case of *Kuriger* v. *Joest,* 22 Ind. App. 633, where this court said: "Appellant does not contend that the facts pleaded show a ratification, but that what appellee did and said about the note estops him from now pleading *non est factum.* We can not understand why one who sees and knows that his name has been forged to a note may not, by his conduct, be estopped from pleading forgery. It is settled by many well considered cases that while a person whose name has been forged may be estopped by his admissions, upon which others may have changed their relations, from pleading the truth of the matter to their detriment, the act from which the crime springs cannot upon considerations of public policy be ratified without a new consideration to support it." To the same effect see *Henry* v. *Heeb,* 114 Ind. 275, 5 Am. St. 613; *Lewis* v. *Hodapp,* 14 Ind. App. 111, 56 Am. St. 295; *Shisler* v. *Vandike,* 92 Pa. St. 447, 37 Am. Rep. 702; 2 Randolph on Com. Paper, §629. These and a great many other cases establish the doctrine that such contracts as the one under consideration cannot be ratified without a new and valid consideration to support them, but they also establish the doctrine that a person by admissions or by conduct may be estopped from pleading that the contract is void, where such admissions or conduct leads another to act to his detriment. It is undoubtedly true in this case that the statements and conduct of appellant, as shown by the special finding of facts, induced appellees to purchase the note and part with the consideration; and, under the cases, we must hold that appellant is estopped from making the defense that he could otherwise have made to the contract.

It is provided by statute in this State that a contract of suretyship by a married woman is absolutely void, and she cannot do anything to ratify such a contract, yet she may by her acts or admissions be estopped from asserting her

suretyship.  *Ward* v. *Berkshire Life Ins. Co.,* 108 Ind. 301; *Rogers* v. *Union, etc., Ins. Co.,* 111 Ind. 343; *Kniss* v. *Holbrook,* 16 Ind. App. 229.

It is contended by counsel for appellant that there can be no estoppel without fraud.  But conceding this to be the law, still it is fraud to deny what had been previously affirmed.  *Anderson* v. *Hubble,* 93 Ind. 570, 47 Am. Rep. 394; *Pitcher* v. *Dove,* 99 Ind. 175.

We find no error.  Judgment affirmed.