## O. E. OLSGARD v. FRED LEMKE and B. W. Lemke.

(156 N. W. 102.)

**Signature — forgery — precluded from setting up — estoppel — ratification or adoption — not included in term — statutes.**

1. Section 6908, Compiled Laws of 1913, which in effect provides that a signature which is forged or unauthorized is wholly inoperative unless the party whose signature has been forged, etc., "is precluded from setting up the forgery or want of authority," is construed and *held,* that the word "precluded" is used as synonymous with the word "estopped," and that it does not include ratification or adoption in their strict primary meaning, but only when they involve some of the elements of an estoppel.

**Pleadings — issues — ratification — theory of — elements of estoppel.**

2. Furthermore, the issues framed by the pleadings are not sufficiently broad to permit plaintiff to recover on the theory of ratification or adoption, except to the extent that one or both involve some of the elements of an estoppel.

**Instructions to jury — issues — estoppel — adoption — ratification.**

3. The instructions to the jury fully and correctly covered the issue as to the alleged liability of defendant through estoppel by ratification or adoption, under § 6908, supra.

**Evidence — admission of — rulings of court — nonprejudicial.**

4. Certain rulings on the admission of evidence examined and *held* correct or nonprejudicial.

Opinion filed January 10, 1916.

Appeal from the District Court of Towner County, *C. W. Buttz,* J.

From a judgment and order in defendants' favor, plaintiff appeals. Affirmed.

*Frich & Kelly,* for appellant.

Forgery of an instrument like the note in question takes place whenever any person, with intent to defraud, falsely makes, alters, forges, or

counterfeits any instrument in writing, purporting to be the act of another, by which any pecuniary demand or obligation is or purports to be created. Criminal intent must be shown. Comp. Laws 1913, § 9898; Eaton & G. Com. Paper, § 129.

The liability of the person who claims his name was forged on the instrument may arise by his adoption or ratification, even though his signature was forged. Selover, Neg. Inst. p. 309; Clark & S. Agency, § 118; Hefner v. Vandolah, 62 Ill. 483, 14 Am. Rep. 106; Casco Bank v. Keene, 53 Me. 103; Greenfield Bank v. Crafts, 4 Allen, 447; Corser v. Paul, 41 N. H. 24, 77 Am. Dec. 753; Howard v. Duncan, 3 Lans. 174; notes to Traders' Nat. Bank v. Rogers, 36 L.R.A. 539; and Dominion Bank v. Ewing, 1 Ann. Cas. 181; 31 Cyc. 1249, and cases cited in notes; Comp. Laws 1913, §§ 6328, 6886.

The word "precluded" as used in our statute is not synonymous with the word "estopped." Comp. Laws 1913, § 6908; Reid v. Field, 83 Va. 26, 1 S. E. 395; 7 Words & Phrases, 5928.

There is a distinction even between the terms "adoption" and "ratification." One may adopt for his own use a contract that suits his purpose; but he can only ratify a contract when it was originally made for him without authority. But the transaction was fully ratified by the acts and conduct of B. W. Lemke, by the adoption of the act of his brother, as his own act. 31 Cyc. 1246, and cases cited.

*Kehoe & Moseley,* for respondents.

Where the act of the agent is complete before knowledge comes to the principal, and the complaining party is not shown to have been in anywise injured by the principal's failure to act, the rule or presumption of ratification does not apply. Smyth v. Lynch, 7 Colo. App. 383, 43 Pac. 670, and cases cited at p. 673; 31 Cyc. 246, and cases cited; Capps v. Hensley, 23 Okla. 311, 100 Pac. 515, and cases cited on pp. 517 and 518; McArthur v. Times Printing Co. 48 Minn. 319, 31 Am. St. Rep. 653, 51 N. W. 216.

Forgery means "to fabricate by false imitation; in law, to make a false instrument in similitude of an instrument by which one person could be obligated to another, for the purpose of fraud and deceit." Bouvier's Law Dict.; 2 Bishop, Crim. Law, § 523; People v. Mitchell, 92 Cal. 590, 28 Pac. 597.

A ratification by a principal can only be effectual between the parties

when the act is done under the relationship of principal and agent, and the act is done on account of the principal. 1 Am. & Eng. Enc. Law, 2d ed. 1188, and cases cited; 31 Cyc. 1251, and cases cited; Ellison v. Jackson Water Co. 12 Cal. 542, 4 Mor. Min. Rep. 559; Ferris v. Snow, 130 Mich. 254, 90 N. W. 850; Minder & J. Land Co. v. Brustuen, 26 S. D. 38, 127 N. W. 546; Puget Sound Lumber Co. v. Krug, 89 Cal. 237, 26 Pac. 902; Mitchell v. Minnesota Fire Asso. 48 Minn. 278, 51 N. W. 608; Henry Christian Bldg. & Loan Asso. v. Walton, 181 Pa. 201, 59 Am. St. Rep. 636, 37 Atl. 261; Comp. Laws 1913, § 6328.

One who commits the crime of forgery by signing the name of another to a promissory note does not assume to act as the agent of the person whose name is forged. Henry v. Heeb, 114 Ind. 275, 5 Am. St. Rep. 613, 16 N. E. 606.

A mere promise by one whose name has been forged to a note to pay the same creates no liability on the part of the promisor, when there appear no circumstances to create an estoppel, and the promise is made after maturity and without consideration. Workman v. Wright, 33 Ohio St. 405, 31 Am. Rep. 546; Owsley v. Philips, 78 Ky. 517, 39 Am. Rep. 358; Barry v. Kirkland, 6 Ariz. 1, 40 L.R.A. 471, 52 Pac. 771, 2 Ann. Cas. 295; Shinew v. First Nat. Bank, 84 Ohio St. 297, 36 L.R.A.(N.S.) 1006, 95 N. E. 881, Ann. Cas. 1912C, 587; Henry v. Heeb, supra.

Where the act of signing constitutes forgery, while the person whose name has been forged may be estopped by his admissions, upon which others may have changed their relations to their detriment, from pleading the truth of the matter, the act from which the crime springs cannot, upon consideration of public policy, be ratified without a new consideration to support it. Shisler v. Vandike, 92 Pa. 447, 37 Am. Rep. 702; McHugh v. Schuylkill County, 67 Pa. 391, 5 Am. Rep. 445; Workman v. Wright, 3 Am. Rep. 546, and note, 33 Ohio St. 405; Owsley v. Philips, 78 Ky. 517, 39 Am. Rep. 358; Brook v. Hook, 24 L. T. N. S. 34, 40 L. J. Exch. N. S. 50, L. R. 6 Exch. 89, 19 Week. Rep. 506; 3 Alb. L. J. 255; 2 Dan. Neg. Inst. §§ 1351, 1353; 2 Randolph, Com. Paper, § 629.

Fisk, Ch. J. This is an appeal from an order denying plaintiff's

motion for judgment *non obstante veredicto* or for a new trial, and also from the judgment of dismissal. Plaintiff seeks to hold defendant B. W. Lemke liable on a certain $2,700 note, upon the theory that, while conceding and alleging that about the date of its maturity his name was affixed thereto by another without authority, he fully ratified the unauthorized act and has estopped himself from denying liability. In support of the alleged ratification, plaintiff relies upon a certain letter written on November 22, 1909, by said Lemke to plaintiff's counsel, Frich & Kelly, as follows:

Dear sirs:—

While in your office sometime ago, you told me that you held that Olsgard note for collection. Now, what I would like to have you do if at all possible, is to have Mr. Olsgard consent to carry the note till November 1, 1910. The note, I think, draws 10 per cent interest. Considering the old, antiquated, and out-of-date machinery which he sold Fred in part; the interest is too much. Fred, of course, signed for me also, but I am not trying to shirk the obligation, which in reality would be no obligation on my part. I have already paid $500 on the note; and if you can get Mr. Olsgard to extend the note another year at 8 per cent interest, we will secure it with a collateral note signed by Will, Henry, and myself. Have already paid out over $5,000, and that is about all I want to pay this year. Most of those fellows were in no great hurry nor very particular while Fred was in business, and they had ought to be just a little considerate now. Hoping that you are meeting with success in the final windup of the Heavener mix-up,

I am, very respectfully,

(Signed) B. W. Lemke.

In support of the alleged estoppel of respondent Lemke to question his liability on such note, appellant relies upon the alleged fact that at or about the date of the maturity of such note the same was presented to Lemke for payment, and he paid thereon the sum of $500 without questioning his liability, and in other ways by his conduct led plaintiff to believe that he was liable, and plaintiff acted on such belief to his prejudice.

The cause was tried to a jury, and at the close of the evidence plain-

tiff moved for a directed verdict upon the principal ground that the sending of the letter above quoted constituted a ratification, and effectually fastened liability upon B. W. Lemke for the payment of the note. The trial judge denied such motion, and such ruling constitutes appellant's principal assignment of error.

Appellant's counsel state that, as to the issue of liability through estoppel, there was a conflict in the evidence; and they concede that were this the only issue they would rest content with the verdict. But they strenuously contend that the trial court erroneously restricted the issues, and that it should have submitted to the jury the broad issue as to whether respondent had, by his representations and conduct, *precluded* himself from setting up want of authority or forgery as a defense to the note. In support of this contention they refer to § 6908, Comp. Laws 1913, and argue that its provisions uphold their contention. This section reads: "Where a signature is forged or made without authority of the person whose signature it purports to be, it is wholly imperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority."

On the other hand, counsel for respondent contend that the word "precluded" as used in such statute has no broader meaning than the word "estopped," and that the former as therein employed is synonymous with the lattter. In support of this construction they direct our attention to the definitions of the words "estoppel" and "preclude" as given in the Century Dictionary, also to the definition of "estoppel" given in Bouvier's Law Dictionary as "the *preclusion* of a person from asserting a fact, by previous conduct inconsistent therewith, on his own part or the part of those under whom he claims." To these we add the definition of the verb "estop" as given in Funk & Wagnall's New Standard Dictionary, as follows: "To preclude from averring in an action what is contrary to prior acts or admissions." Counsel for respondent assert that, under the word "precluded" as used in the statute, the issues both of ratification and adoption were not excluded, but were properly submitted to the jury in so far as those issues involved the

elements of estoppel. The instructions to the jury on this phase of the case were as follows:

"I charge you, therefore, that if you find by a fair preponderance of the evidence, as I shall hereafter explain that term to you, that the defendant B. W. Lemke, by remaining silent when he should have spoken, or by his acts or by declarations, whether oral or written, led the plaintiff to believe he had signed the note in suit, or that he had authorized the signature or would pay this note, and that the plaintiff has acted on such belief, and has suffered, or may be made to suffer, some material injury, loss, or detriment with respect to such note, or the enforcement thereof, your verdict will be for the plaintiff for such sum as may be due thereon at this time, if you further find from the evidence, by a like preponderance, that any sum is due upon the note. So, in this case, if B. W. Lemke so acted or conducted himself, or so spoke, or remained silent when it was his duty to speak, and knew or had reason to know that Mr. Olsgard might rely on his conduct, acts, speech, or silence, and Mr. Olsgard did so rely, and because of such has parted with property or security which he held against Fred Lemke, or Fred Lemke doing business as Lemke Brothers Implement Company, to secure the indebtedness sued on in this action, and B. W. Lemke would be estopped to deny his liability, and would be found to pay this note, even though he never signed it nor authorized his signature."

We are satisfied that the above instruction fully and fairly embraced the entire issues which were proper for submission to the jury.

In the first place, we do not construe the above-quoted statute as including ratification or adoption as used exclusively in their primary sense; but only when they involve some of the elements of an estoppel. As respondent's counsel very clearly point out in their printed brief, there is a wide distinction between these terms as used in their primary sense and as used when they involved some of elements of an estoppel. This distinction is made clear by the Colorado court in Smyth v. Lynch, 7 Colo. App. 383, 43 Pac. 670, and the authorities cited on page 673 of the opinion. See also McArthur v. Times Printing Co. 48 Minn. 319, 31 Am. St. Rep. 653, 51 N. W. 216; Capps v. Hensley, 23 Okla. 311, 100 Pac. 515, and cases cited; also 31 Cyc. 1246.

Secondly, the issues raised by the pleadings do not include an alleged liability either through a ratification or adoption excepting as they

involve some of the elements of an estoppel. This, we think, is quite clear from the pleadings, and is an all-sufficient answer to appellant's contention on this point. Paragraph 4 of the complaint reads:

"That the signature of B. W. Lemke was attached to said instrument by said Fred Lemke, or by someone else at his direction, and without authority from said B. W. Lemke so to do; that the plaintiff did not know that said signature was other than the signature of said B. W. Lemke until said note became due; that at or about the maturity of said note the plaintiff presented same to said B. W. Lemke, who then paid him thereon the sum of $500 and fully ratified by an instrument in writing, and became estopped to deny the act of the said Fred Lemke in affixing his signature to the same, and in reliance upon such ratification the plaintiff, at the instance and request of the defendants, duly conveyed to one Albert Thompson the real and personal property situated in the county of Ramsey, North Dakota, held by him as security to said indebtedness, thereby fulfilling his part of the agreement outlined in the second paragraph hereof."

Paragraph 4 of the answer is as follows:

"That as to the allegations contained in paragraph 4 of said complaint this defendant admits that the signature of this defendant to said alleged note was attached thereto without authority thereto from this defendant to attach the same, and that as to each and all of said other allegations contained in said paragraph 4 of said complaint this defendant denies having any knowledge or information thereof sufficient to form a belief, and therefore denies the same; and this defendant denies that the plaintiff ever presented the $2,700 note to this defendant for payment, and denies that he ever in any manner ratified the attaching of his signature to said note, and denies that he ever paid the plaintiff $500 to be applied on said $2,700 note." .

Even if we should concede, which we do not, that the issues as framed by the pleadings were broad enough to entitle plaintiff to show a ratification or adoption in their primary sense, and that the word "precludes" as employed in § 6908, Compiled Laws of 1913, should be construed to cover such a ratification or adoption, we would still hesitate to uphold appellant's contention. In view of our conclusion above announced, we shall not take the time nor space necessary to state our reasons, or do more than cite without comment some of the authorities

throwing light on the rights of the parties under such circumstances. See Puget Sound Lumber Co. v. Krug, 89 Cal. 237, 26 Pac. 902; Mitchell v. Minnesota Fire Asso. 48 Minn. 278, 51 N. W. 608; Henry v. Heeb, 114 Ind. 275, 5 Am. St. Rep. 613, 16 N. E. 606; Barry v. Kirkland, 6 Ariz. 1, 52 Pac. 771, 2 Ann. Cas. 295; Shinew v. First Nat. Bank, 36 L.R.A.(N.S.) 1006, and cases cited in note (84 Ohio St. 297, 95 N. E. 881, Ann. Cas. 1912C, 587).

Most of the cases apparently holding to the contrary will be found on a careful perusal of the opinions to relate merely to a ratification or adoption involving elements of an estoppel.

Moreover, we think it is entirely clear, as contended by respondent, that the case was tried throughout in the court below upon the sole theory of alleged liability of B. W. Lemke, by virtue of the fact that he had estopped himself from denying liability by his acts and admissions which it was claimed constituted a ratification of the unauthorized act in signing his name to such note. The present contention of appellant that there was, in addition to the issue of estoppel by alleged ratification and adoption, also issues raising the questions of ratification and adoption without reference to any of the elements of estoppel, was apparently presented for the first time in his motion for a directed verdict, and the trial court was justified in denying such motion for the above reason, and also because such issues were not raised by the pleadings.

In passing, we desire to state that we have not overlooked or failed to consider the various provisions of the Code cited in appellant's brief, nor have we overlooked or failed to consider the authorities therein referred to. Extended notice of these would be of no avail to appellant. Suffice it to say that we deem such references and citations of no controlling force in the decision of the questions here involved. Appellant, by his first specification of error, complains of the ruling refusing to sustain his objection to the following question propounded by the court to the witness Henry Lemke: "Tell all the conversation between you and Ben and Olsgard there in the bank at that time, that you remember—what was said?" We discover no merit in this specification. Appellant, both in his complaint and at the trial, claimed that respondent paid $500 on this $2,700 note in suit, with knowledge that his name was forged or signed thereto without authority, and that this took place in the bank at Cando. Respondent sought to show that this

$500 payment was not made to apply on that note, but upon other notes entirely, upon which his liability was conceded. We think the question was clearly both relevant and material under respondent's theory of defense. The fact that such question could, as appellant states, have no bearing upon plaintiff's claim of ratification by means of the letter heretofore quoted, is not controlling.

What we have just said as to specification numbered one is equally applicable to, and disposes of, the second specification.

The third specification is aimed at the ruling denying plaintiff's objection to the question asked respondent: "Did you ever receive any money or property of any kind on account of your name being attached to that note?" Conceding all that appellant claims as to the immateriality of this question, we fail to see how it could have mislead the jury or have been in any way prejudicial to him. As the instructions heretofore quoted clearly disclose, the case was tried and submitted to the jury on the clear-cut issue as to whether respondent B. W. Lemke had, by his acts or declarations, either oral or written, and which were relied on by plaintiff, precluded himself from denying liability. In other words, the case was tried and submitted upon a theory which in no manner took into account as in the least material the question or fact as to whether any consideration was received by respondent for such note. Appellant most certainly did not at any time contend that respondent in fact received any consideration, for otherwise he would not have relied solely upon the doctrine of estoppel, through ratification or otherwise, to fasten liability upon him. The jury, therefore, could not very well have been mislead by such testimony.

The foregoing disposes of all the specifications of error argued in appellant's brief, and results in an affirmance of the order and judgment appealed from, and the same are accordingly affirmed.