MAUI FINANCE COMPANY, LIMITED, *v.* Y. K. HAN, HONG CHANG SOK, M. NAGAMATSU AND T. K. WAHIHAKO, DEFENDANTS, AND KAELEKU SUGAR COMPANY, LIMITED, AND SAMUEL ALO, AUDITOR OF THE COUNTY OF MAUI, GARNISHEES.

No. 2311.

SUBMITTED FEBRUARY 8, 1937.                    DECIDED JUNE 5, 1937.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY PETERS, J.

This is an action upon a promissory note by the payee against the maker and accommodation endorsers before delivery. The note is a monthly installment note in the usual form bearing on its back the terms of the endorsement. The

maker and one endorser defaulted. The remaining two endorsers in addition to the general issue pleaded the forgery of their respective signatures. The defendant Sok upon the trial raised the additional and alternative defense that if his name attached to the note was not a forgery it was affixed by his wife without his authority. There was a verdict for plaintiff against all defendants. The appearing defendants appealed.

The only exceptions which we deem necessary to consider are those of the defendant Sok to the refusal of the court to grant his motion for a directed verdict and to the denial of his motion for a new trial. The grounds of his motion for a directed verdict were: a. That the undisputed evidence discloses that the signature of Hong Chang Sok attached to the note in question is not the signature of the defendant herein; b. that the undisputed evidence discloses that the signature of Hong Chang Sok was attached to said note by Sarah Hong, wife of said defendant, without the knowledge or consent of the defendant herein; c. that there is not a scintilla of evidence in the record tending to show that Sarah Hong was the agent of said defendant or had any legal authority to attach said signature to said note; d. that there is not a scintilla of evidence tending to show any ratification on the part of said defendant. The same points may be considered as included in his motion for a new trial, one of the grounds of which was that the verdict of the jury was contrary to the law, the evidence and the weight of evidence.

It is the undisputed evidence that the signature of the defendant Sok appearing as one of the endorsers on the back of the note was affixed thereto by his wife without her husband's knowledge and without his prior authority or consent. From this defendant Sok argues that his signature to the note as an endorser was a forgery; that as a forgery it was incapable of ratification; and that even as-

suming that his signature was not a forgery the same was never ratified by him. Plaintiff rejoins that the signature of the defendant Sok was not a forgery and that he either ratified the same or is precluded from denying its authenticity under the provisions of section 7092, R. L. 1935, or both.

Sarah Hong, in signing her husband's name to the promissory note in question, was not guilty of forgery. The evidence of the plaintiff and all the inferences of which the same is capable established the following facts: On the day of the date of the note in question one Han, who subsequently signed the same as maker, applied to an officer of the plaintiff company for a loan of $500 and was advised by the latter that a loan in that amount would be made to him provided he secured said loan by his promissory note endorsed by three persons satisfactory to the company; thereupon Han took the note to Sok's home to secure Sok's endorsement; the form of the note and the terms of the endorsement on the back thereof were then complete, the respective signatures of the maker and endorsers alone remaining to be affixed; upon Han's arrival Mrs. Sok was at home alone, her husband being absent at work; Han explained to her the purpose of his visit whereupon she volunteered to sign her husband's name and either by mutual agreement or tacit understanding between them Han awaited the return of the husband to secure his approval of what she had done; Sok is a Korean and cannot sign his name in English; upon Sok arriving home Han explained to him that he was in need of money and was attempting to borrow $500 and could only do so if he secured three endorsers on his note; Han showed Sok the note in question and told him that his wife had signed his, Sok's, name thereto and asked Sok "if it was O.K. or not"; when shown the note Sok made no comment whatever and to Han's question remained silent; Han, assuming that

Sok had no objection to what his wife had done, without objection by Sok departed with the note; Han later secured two additional endorsers, executed the note as maker and delivered the same to plaintiff four days after its date as security for the advancement to him of $500.

"Forgery" is defined as a fraudulent making or altering of a writing with the intent to deceive another and prejudice him in some right. (R. L. 1935, § 5890.) Sok's signature to the note as endorser was apparently affixed by his wife on her husband's account and conditionally upon his approval. Her acts were absolutely inconsistent with fraudulent purpose or intent to deceive another or prejudice him in some right. Where, as here, a wife, although not thereto authorized by her husband, assumes, during his absence, in response to the importunities of the intended maker of a promissory note to act as her husband's agent and on her husband's and not on her own account and, subject to her husband's approval to be secured by said maker, signs her husband's name as an endorser to such promissory note the wife is not guilty of the statutory crime of forgery, a necessary and indispensable element of such offense, to wit, the specific intent to deceive another and prejudice him in some right being entirely lacking. (*Henry* v. *Heeb,* 114 Ind. 275, 16 N. E. 606.)

Moreover, in our opinion, the established facts amply sustain a finding that defendant Sok ratified his wife's act. Section 7088, R. L. 1935, of the local negotiable instruments law, provides: "The signature of any party may be made by a duly authorized agent. No particular form of appointment is necessary for this purpose; and the authority of the agent may be established as in other cases of agency." Nor is it necessary that prior authority always exist to bind a purported principal for the acts of another assuming to act as his agent. The purported principal may become the actual principal by the ratification of the unau-

thorized act of another assuming to act as his agent. In the Restatement of the Law of Agency "ratification" is defined as "the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him." § 82. And "affirmance" is defined as "a manifestation of an election by the one on whose account an unauthorized act has been performed to treat the act as authorized, or conduct by him justifiable only if there is such an election." § 83. Hence when ratified, the prior unauthorized act has the same legal effect and results in the same contractual relations between the principal and the person with whom the agent has dealt as though the act of the agent originally had the prior authorization of the principal. But the term "affirmance" as used in connection with the term "ratification" is used in its strict primary sense of voluntary assent to the existence, truth or validity of something and not in its secondary sense of a liability created by equitable estoppel. This distinction is pointed out in the Restatement of the Law of Agency in comment *b.* under section 82. (See also 21 C. J., T. Estoppel, § 117; *Olsgard* v. *Lemke*, 32 N. D. 551, 156 N. W. 102.)

When the defendant Sok upon the return to his home was advised by Han of the facts and his approval of the unauthorized act of his wife solicited by the latter it was optional with him to approve or repudiate his wife's act. He, however, was silent. The jury construed his conduct as assent and we cannot say, under the facts, that their construction of his conduct was incorrect. They had a right, from their knowledge of the ordinary experience and habits of men, to conclude that if Sok intended to repudiate his wife's act he would have said something to that effect—protested or objected to what she had done. It is a well-recognized principle of the law of agency that "an

affirmance of an unauthorized transaction may be inferred from a failure to repudiate it." Restatement of the Law of Agency § 94. And where, as here, Sok remained silent under such circumstances that, according to the ordinary experience and habits of men, he would naturally be expected to speak if he did not consent, his act is evidence from which assent may be inferred. Silence under the circumstances was taken by the jury as an inference of assent. Whether such an inference is to be drawn is peculiarly within the province of the jury and in this case we cannot say that the jury erred. "Whether or not such an inference is to be drawn is a question for the jury, unless the case is so clear that reasonable men could come to but one conclusion." Id. § 94, comment a.

Whether or not the defendant, under the provisions of section 7092, supra, was precluded from denying his signature as made without his authority we do not assume to say. As far as the record discloses, the issues upon the validity of Sok's signature were confined solely to ratification. The instructions to the jury made no reference to the provisions of section 7092 or their applicability to the evidence. Under the circumstances we find no occasion for any discussion of the question of whether or not Sok came within the statute. It is sufficient if he ratified his signature and the jury having found that he did and there being ample evidence to sustain their finding, their verdict, without more, must be sustained.

The other exceptions alleged by the two appealing defendants have been considered and found without merit. Accordingly, all of the exceptions are overruled.

M. K. Ashford and H. L. Holstein for plaintiff.

E. Vincent for defendants Hong Chang Sok and T. K. Wahihako.