**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000170
03-OCT-2024
10:47 AM
Dkt. 108 SO**

NO. CAAP-20-0000170

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

NATIONSTAR MORTGAGE LLC,
Plaintiff/Counterclaim Defendant-Appellee,
v.
GUIA FERRER-GUERRERO,
Defendant/Counterclaimant-Appellant,
and
PARRISH PERFECTO GUERRERO; NAVY FEDERAL CREDIT UNION; and
EWA BY GENTRY COMMUNITY ASSOCIATION; Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE ENTITIES 1-10; and DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC141001061)

**SUMMARY DISPOSITION ORDER**
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Defendant/Counterclaimant-Appellant Guia Ferrer-

Guerrero (**Ferrer**) appeals from the March 2, 2020 Findings of

Fact and Conclusions of Law and Order (**FOF/COL**), and July 9, 2024 Amended Final Judgment (**Amended Judgment**) entered by the Circuit Court of the First Circuit (**circuit court**).[1]  After a bench trial, the Amended Judgment found Ferrer liable to Plaintiff/Counterclaimant-Appellee Nationstar Mortgage LLC (**Nationstar**) in the amount of $962,598.79 on a 2007 adjustable rate promissory note (**Note**) and Mortgage.[2]

On appeal, Ferrer raises seven points of error, contending that the circuit court erred in: (1) "denying Ferrer's motion to file a new amended counterclaim"; (2) "rejecting Ferrer's undisputed evidence of forgery of her signature on the Promissory Note and mortgage"; (3) entering "FOF Nos. 4, 6, 7, 8, 18, 19, 20, 44, and 45"; (4) rejecting Ferrer's proposed FOF/COL; (5) entering "COL Nos. 6, 8, 9, 10, 11, 12, 13, 17, 18, 19, 20, 21, 22, 25, 26, 27, 28, 30, and 31"; (6) "granting judgment to Nationstar in the sum of $962,598.79 on the first amended complaint and also on the original complaint"; and (7) entering judgment.

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments

---

[1]     The Honorable John M. Tonaki presided.

[2]     The Note was executed in July 2007, in favor of American Home Mortgage Acceptance, Inc. (**AHMA**).  The Mortgage, for the Ewa Beach property owned by Ferrer and her husband, Parrish Perfecto Guerrero, was executed in connection with the Note in favor of Mortgage Electronic Registration Systems as nominee for AHMA; the Mortgage was unrecorded.  Ferrer alleged below that her signatures on the Note and Mortgage were forged.

advanced and the issues raised by the parties, we resolve Ferrer's points of error as follows:

(1) We review Ferrer's contention that the circuit court erred in denying her leave to file an amended counterclaim for abuse of discretion. Century Campus Hous. Mgmt., L.P. v. Elda Hana, LLC, Nos. CAAP-15-0000020 and CAAP-15-0000470, 2018 WL 637373, at *9 (Haw. App. Jan. 31, 2018) (mem. op.) (citing Gonsalves v. Nissan Motor Corp. in Haw., Ltd., 100 Hawaiʻi 149, 158, 58 P.3d 1196, 1205 (2002)). Contrary to Ferrer's contention, the circuit court did not abuse its discretion.

Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 13(f) states that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." In seeking leave to file a new counterclaim,[3] Ferrer's counsel attested that he had just entered his appearance, and as a result of a meeting with Ferrer and her initial counsel, "it became apparent" the counterclaim, which sought relief based on allegations that Ferrer's signature on the Note and Mortgage was forged, "was omitted unintentionally."

Ferrer filed a motion for leave to file a new counterclaim on July 25, 2018; the motion was heard on

---

[3] In June 2015, Ferrer filed a seven-count counterclaim. Ferrer stipulated to dismiss her 2015 counterclaim with prejudice in April 2017.

August 29, 2018. The discovery deadline was August 15, 2018, which was prior to the hearing. The record reflects that the allegedly forged signature was known to Ferrer from the time she examined the original 2007 Note and Mortgage at Nationstar counsel's office on July 28, 2015. Ferrer's December 24, 2015 pretrial statement gave notice that she would present her testimony and expert witness testimony that "the signatures on the Note and the Unrecorded Mortgage are not her signatures." And Ferrer's answer to Nationstar's First Amended Complaint denied allegations that she had signed the 2007 Note and Mortgage, and affirmatively alleged that she did not execute them.

We cannot conclude, on this record, that the circuit court abused its discretion in denying Ferrer's 2018 motion to file a new counterclaim. See Deutsche Bank Nat'l Tr. Co. v. Kozma, 140 Hawai'i 494, 498, 403 P.3d 271, 275 (2017) ("An abuse of discretion occurs where the court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.") (cleaned up).

(2) Ferrer contends that the circuit court erred by rejecting "undisputed evidence" that her signature on the Note and Mortgage was forged. Ferrer further contends that, because the signature on the Note and Mortgage was forged, the Note and

4

Mortgage were void and unenforceable. We review the circuit court's evidentiary ruling for abuse of discretion. <u>Kamaka v. Goodsill Anderson Quinn & Stifel</u>, 117 Hawaiʻi 92, 104, 176 P.3d 91, 103 (2008).

The circuit court did not abuse its discretion because, even if we assume Ferrer's signature was unauthorized, the circuit court made specific findings that support its conclusion that Ferrer ratified the signature on the Note and Mortgage.

Hawaii Revised Statutes (**HRS**) § 490:3-401(a) (2008) provides that "[a] person is not liable on an instrument unless (i) the person signed the instrument." However, HRS § 490:3-403(a) (2008) further provides that **"[a]n unauthorized signature may be ratified** for all purposes of this article." <u>Id.</u> (emphasis added).

Comment 3 to the Uniform Commercial Code section 3-403 provides:

> **The last sentence of subsection (a) allows an unauthorized signature to be ratified. Ratification is a retroactive adoption of the unauthorized signature by the person whose name is signed and may be found from conduct as well as from express statements.** For example, it may be found from the retention of benefits received in the transaction with knowledge of the unauthorized signature. Although the forger is not an agent, ratification is governed by the rules and principles applicable to ratification of unauthorized acts of an agent.

<u>Id.</u> (emphasis added).

5

The circuit court concluded that Ferrer ratified the signature on the Note:

> 17.  All of Defendant Ferrer's actions with respect to the 2007 Note, including her retention of the funds conveyed to her by AHMA, her initial monthly payments on the loan and her numerous letters to the subsequent holder of the note, Bank of America N.A., prove by a preponderance of the evidence an acceptance of the terms of the contract and a ratification of the signature on the 2007 Note.

The circuit court's conclusions regarding ratification are supported by the following findings, all of which Ferrer effectively concedes:[4]

> 6.  On July 9, 2007, Defendant Ferrer received the sum of the loan proceeds from AHMA through escrow in the amount of $577,500.00 for her use.
>
> 7.  Defendant Ferrer knew and understood she was required to repay the amounts she received from AHMA.
>
> . . . .
>
> 13.  Defendant Ferrer used approximately $98,000 in proceeds from the 2007 loan from AHMA to pay Parrish Perfecto Guerrero for his interest in 91-218 Pihapono Place.
>
> . . . .
>
> 21.  From the closing of the Loan until approximately January 2010, Defendant Ferrer made monthly payments toward the Loan and 2007 Note.
>
> 22.  Defendant Ferrer began facing financial difficulties as evidenced by letters sent by Defendant Ferrer to the servicer of the Loan.

---

[4]  FOFs 13, 21, 22, and 23 are unchallenged. Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002) ("Findings of fact, however, that are not challenged on appeal are binding on the appellate court."). FOFs 6 and 7, which are challenged by Ferrer on appeal, are identical or nearly identical to undisputed facts 5 and 6 that the parties stipulated to in the December 30, 2019 joint statement of undisputed facts. "[F]acts within a stipulation are taken to be conclusive and binding upon the parties, the trial judge and the appellate court." Dera Dev., LLC v. Mitchell, No. CAAP-12-0000493, 2013 WL 5385123, at *3 (Haw. App. Sept. 16, 2013) (mem. op.) (citation omitted).

23.     Defendant Ferrer sent a letter, dated July 8, 2009, requesting a loan modification and stating that she was worried about "paying [her] adjustable rate mortgage payments since [her] divorce and [her] ex-husband quit helping in paying" the mortgage.

A party ratifies a debt by signing a request for loan modification. Bank of New York Mellon v. Spielman, No. CAAP-15-0000648, 2020 WL 588139, at *3 (Haw. App. Feb. 6, 2020) (SDO). Furthermore, "affirmance of an unauthorized transaction may be inferred from a failure to repudiate it." Maui Fin. Co. v. Han, 34 Haw. 226, 230 (Haw. Terr. 1937) (concluding that the defendant ratified his wife's signature on his behalf by not objecting to it).

Here, the undisputed evidence in the record demonstrates that Ferrer ratified the allegedly forged signature. Ferrer stipulated that she received the benefit of the $577,500 loan proceeds from AHMA and understood that she was required to repay the amounts. She also requested a loan modification. Moreover, she dismissed with prejudice her claim for recission. We thus conclude that the circuit court did not abuse its discretion in rejecting evidence of Ferrer's allegedly forged signatures.

(3) Ferrer challenges the circuit court's FOF/COL, on the basis that they are erroneous[5] and must be vacated because Nationstar lacked standing.  Specifically, Ferrer contends that Nationstar failed to establish that it was in possession of a validly signed note when the action commenced, and did not give value to acquire the Note.  Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 367, 390 P.3d 1248, 1254 (2017) (holding that the foreclosing party "must also [inter alia] prove its entitlement to enforce the note and mortgage").  However, the record reflects that Nationstar possessed the Note, pursuant to its servicing agreement with the Note owner, and that the Note owner gave value to acquire it.

The record reflects that Simon Ward Brown (**Ward Brown**), Nationstar's corporate representative/witness[6] testified that when AHMA filed for bankruptcy, Bank of America became its administrative agent, with authority to service and assign its residential mortgage loans.  In November 2013, Bank of America sold a pool of loans to the SRP 2013-9 Funding Trust (**the Trust**)

---

[5]    Ferrer specifically challenges various FOFs and COLs, based on her contention that her signature on the Note and Mortgage was forged.  For the reasons set forth herein, we conclude that error, if any, was harmless.

[6]    Ward Brown testified that the role of a corporate representative/witness "entails working with [Nationstar's] in-house legal department and retained outside counsel in reviewing our business records with respect to litigated matters and ultimately appearing at settlement conferences, mediations, depositions, and ultimately at trials if required to testify."

for $9,109,756.69.  The Trust paid $155,356.68 for the Note and Mortgage.

The servicing agreement between Nationstar and the Trust authorizes Nationstar to pursue collection actions on behalf of the Trust.  Nationstar maintains a collateral file, which shows it took possession of the original wet ink signature Note on March 10, 2014, and held it in a vault, until sending it to counsel's office on July 2, 2014.  Nationstar's possession of the original Note thus precedes the filing of the Complaint on April 24, 2014.

On July 28, 2015, Ferrer examined the original 2007 Note at Nationstar's counsel's office.  Nationstar's counsel also brought the original 2007 Note to the courtroom at the time of trial and made it available for inspection.

The Note is endorsed by AHMA in blank.  HRS § 490:3-205(b) (2008) provides that "[w]hen indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."  HRS § 490:3-301 (2008) provides in part that, "'Person entitled to enforce' an instrument means (i) the holder of the instrument." On this record, we conclude that Nationstar, the servicing agent for the owner Trust, and the entity with possession of the ratified Note at the time of the filing of the Complaint, had standing to bring this action.

(4) Ferrer contends that the circuit court erred in finding that she was unjustly enriched, and awarding Nationstar $962,598.79 on that basis.  Ferrer specifically asserts that "Nationstar never benefitted Ferrer, therefore[,] the unjust enrichment decision is reversible error."  However, Ferrer's contention lacks merit.

Nationstar was the agent of the Trust, and gave value to acquire the Note.  "An assignment operates to place the assignee in the shoes of the assignor, and provides the assignee with the same legal rights as the assignor had before the assignment."  Fireman's Fund Ins. Co. v. AIG Hawaiʻi Ins. Co., 109 Hawaiʻi 343, 349, 126 P.3d 386, 392 (2006) (cleaned up).  Ferrer stipulated that she received the benefit of the AHMA loan proceeds.  The circuit court did not err in ruling that, if Ferrer was not liable for breach of contract, she was unjustly enriched.[7]

(5) Ferrer contends that the circuit court erred in rejecting her proposed FOF/COL, and in entering judgment in

---

[7]     The circuit court ruled that Nationstar should be awarded damages based on breach of contract but that, in the alternative, Ferrer has been unjustly enriched.  See COL 30 ("Plaintiff Nationstar has sustained a loss by breach of the 2007 Note by Defendant Ferrer and, in the alternative, Defendant Ferrer has been unjustly enriched by benefits conferred upon her under that 2007 Note.").  On that basis, the circuit court awarded Nationstar $962,598.79 in damages for unpaid principal, interest, and escrow advance on the Note.

favor of Nationstar.  For the reasons set forth <u>supra</u>, we need not reach these remaining contentions.

For the foregoing reasons, we affirm the circuit court's March 2, 2020 Findings of Fact and Conclusions of Law and Order, and July 9, 2024 Amended Final Judgment.

DATED: Honolulu, Hawai'i, October 3, 2024.

On the briefs:                        /s/ Clyde J. Wadsworth
                                      Presiding Judge
R. Steven Geshell,
for Defendant/                        /s/ Sonja M.P. McCullen
Counterclaimant-Appellant.            Associate Judge

Michael L. Lam,                       /s/ Kimberly T. Guidry
for Plaintiff/Counterclaim            Associate Judge
Defendant-Appellee.