## JOSEPH GONSALVES AND ANGELINE S. GONSALVES v. KANATO IKEI.

## No. 4256.

July 22, 1963.

Tsukiyama, C. J., Wirtz, Lewis and Mizuha, JJ., Circuit Judge Dyer, in Place of Cassidy, J., Disqualified.

*Per Curiam.* Plaintiffs-appellants, Joseph Gonsalves and Angeline S. Gonsalves sought specific performance of a lease (on the site of a dairy farm), a bill of sale (on dairy equipment and animals) and a consent to mortgage (the lease of dairy property) against defendant-appellee Kanato Ikei. The trial judge denied specific performance.

Plaintiffs assign as error the findings of fact and conclusions of law of the trial court, contending that it should have been found and concluded that Higa was acting as agent for defendant and not for plaintiffs, that Higa was not acting fraudulently in obtaining the signature of Ikei to the bill of sale, the lease, and the consent to mortgage, and that therefore, these instruments were valid and could be specifically enforced for the benefit of plaintiffs.

The trial judge found:

"On January 9, 1959, Plaintiffs and, at Higa's request, Defendant signed Plaintiffs' Exhibit 3, a lease from Defendant to Plaintiffs of the site of the dairy farm for twenty years from January 20, 1959 at a rent of $250.00 per month in advance on the 20th day of each month, with a long option to Plaintiffs to purchase the site of the dairy farm for $50,000.00 as set forth in the lease. Plaintiffs on January 9, 1959, appeared before William K. Ho, Notary Public, and acknowledged that they executed the lease as their own free act and deed. Defendant never appeared before any notary public in connection with it. She never made any acknowledgment in connection with it. Higa got Ho to sign the acknowledgment certificate in reference to Defendant in Plaintiffs' Exhibit 3. The certificate was false. Both Ho and Higa knew it was false.

"On January 9, 1959, at the request of Higa, Defendant signed a consent to the mortgage. Defendant never appeared before any notary public in connection with the mortgage or the consent. She never made any acknowledgment in connection with the mortgage or the consent. Higa took the consent to William K. Ho and got Ho to sign a false certificate that Defendant had appeared before him and acknowledged that the consent was her free act and deed. The certificate was completely false. Ho knew it was false. Higa knew it was false. Higa gave the consent and the false acknowledgment certificate to Bank of Hawaii. Bank of Hawaii recorded the mortgage and the consents of Defendant and the Governor of Hawaii to it in the Bureau of Conveyances of the Territory of Hawaii on February 9, 1959.

"On January 9, 1959, at Higa's request, Defendant signed Plaintiffs' Exhibit 5, a bill of sale of the property from Defendant to Plaintiffs. Defendant never

appeared before any notary public in connection with the bill of sale. She never made any acknowledgment in connection with it. Higa got William K. Ho, Notary Public, to sign a false acknowledgment certificate in reference to Defendant in Plaintiffs' Exhibit 5. Higa and Ho both knew the certificate was false.

"Higa fraudulently induced Defendant to sign the lease, the consent to mortgage and the bill of sale (Plaintiffs' Exhibits 3, 4 and 5) on January 9, 1959, by (1) fraudulently concealing from her that they included a lease, bill of sale or a mortgage consent which involved Plaintiffs or any presently contemplated lease, sale or mortgage and (2) fraudulently telling her that her signature on the documents was only to get the Governor's consent to a future sale she might decide to make. Higa fraudulently concealed from her that these papers were for a sale and lease to Plaintiffs and a mortgage of her property to Bank of Hawaii for a loan to Plaintiffs. In inducing Defendant to sign, Higa was acting not as agent of Defendant but as agent for Plaintiffs. He was trying to get a $9,500.00 commission. Defendant relied on Higa's representations. She could not read English and could not determine herself the contents of the documents. Higa knew this and deceived her completely about the contents of the documents. On February 10, 1959, Plaintiffs' attorney told Defendant she had signed papers selling and leasing to Plaintiffs. Defendant went the next day to the office of Mr. Matsunaga, an attorney. There Defendant learned for the first time that the papers she had signed were a bill of sale, a lease and a consent to mortgage."

H.R.C.P., Rule 52(a), provides that "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * *" On the

148

record before this court we are not left with a definite and firm conviction that a mistake has been committed by the trial court in any material aspect. We affirm the findings that Higa was not the agent of the defendant and that he acted fraudulently. These findings were not "clearly erroneous." *Filipino Federation of America, Inc.* v. *Cubico,* 46 Haw. 353, 380 P.2d 488; *Peine* v. *Murphy,* 46 Haw. 233, 377 P.2d 708; *Miller* v. *Loo,* 43 Haw. 76; *Lima* v. *Tomasa,* 42 Haw. 478; *Lum* v. *Stevens,* 42 Haw. 286; *Hawaii Builders Supply Co.* v. *Kaneta,* 42 Haw. 111.

As to the finding that Higa was the agent of the plaintiffs, this is not necessary to the result reached. In any event, there was evidence from which the trial judge could find as he did that Higa was not the agent of the defendant at the time he fraudulently secured her signatures to the documents.

The fraud which was committed by the real estate broker Higa, upon defendant Ikei, in securing her signatures to the lease, bill of sale and consent to mortgage, is the type of fraud known as fraud in the factum or fraud in the execution. For distinction in the types of fraud and the effect thereof, see 16 Am. Jur., *Deeds,* § 30. The fraud perpetrated on defendant Ikei went to the nature of the document and not mere details, and therefore, all of the documents were void and not merely voidable. *Erickson* v. *Bohne,* 130 Cal. App. 2d 553, 279 P.2d 619; 26 C.J.S., *Deeds,* § 68(b)(1). *Cf., Bryce* v. *O'Brien,* 5 Cal. 2d 615, 55 P.2d 488. See also *Dixon* v. *Kaufman,* 79 N.D. 633, 58 N.W.2d 797.

The trial judge properly concluded as a matter of law, that plaintiffs were not entitled to specific performance under these documents as they were fraudulently obtained.

Judgment affirmed.

*Samuel Landau* for plaintiffs-appellants.

*Genro Kashiwa* for defendant-appellee.