**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000326
14-OCT-2022
08:03 AM
Dkt. 68 SO**

NO. CAAP-18-0000326

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


AURORA LOAN SERVICES, LLC, Plaintiff-Appellee,
v.
JOSEPH KALANUI KALAHIKI, JR.; MERRILLE KANOELANI KALAHIKI;
STATE OF HAWAIʻI – DEPARTMENT OF TAXATION; BENCHMARK
LENDING GROUP, INC.; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., Defendants-Appellants,
and
JOHN AND MARY DOES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC111000375)


**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Defendants-Appellants Joseph Kalanui Kalahiki, Jr. and Merrille Kanoelani Kalahiki (the **Kalahikis**) appeal from the **"Judgment"** and the **"Judgment for Possession"** in favor of Plaintiff-Appellee **Aurora** Loan Services, LLC, both entered by the Circuit Court of the First Circuit on March 13, 2018.[1] For the reasons explained below, we vacate the Judgment and the Judgment for Possession and remand for further proceedings.

The Kalahikis owned a home in Moanalua on the island of Oʻahu (the **Property**). The Property was registered on land court certificate no. 482803. The Property secured a **Note** and **Mortgage**

---

[1] The Honorable Jeannette H. Castagnetti presided.

given by the Kalahikis to **Benchmark** Lending Group, Inc. Benchmark assigned the Mortgage to Aurora.  The Kalahikis defaulted on the Note.  Aurora completed a nonjudicial foreclosure of the Property.  The Property was conveyed to Aurora by **Quitclaim Deed** recorded in Land Court on January 18, 2011.

Aurora then filed the action below, seeking to eject the Kalahikis from the Property.  Aurora filed a motion for summary judgment (**MSJ**).  The MSJ was heard on November 22, 2017. An order granting the MSJ, the Judgment, a writ of possession, and the Judgment for Possession were entered on March 13, 2018. This appeal followed.

The Kalahikis contend that the circuit court erred by granting Aurora's MSJ because: **(1)** Aurora "failed to establish that it had unimpeachable title to the" Property; **(2)** Aurora "failed to show that, in exercising [its] alleged right to non-judicial foreclosure under a power of sale, [it] exercised this alleged right in a manner that is fair, reasonably diligent, and in good faith, and [it] also failed to demonstrate that an adequate price was procured for the property"; and **(3)** Aurora "has not adequately addressed the issue that the subject mortgage was assigned to [Aurora] through fraudulent action."

We review a circuit court's grant of summary judgment de novo using the same standard applied by the circuit court. Nozawa v. Operating Eng'rs Loc. Union No. 3, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018).  Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Id. at 342, 418 P.3d at 1198.

**(1)**  Aurora submitted a copy of Certificate of Title No. 1010531 (the **New Certificate**) in support of its MSJ.  If the New Certificate was properly before the circuit court, Aurora's title to the Property would be "conclusive and unimpeachable."

<u>Aames Funding Corp. v. Mores</u>, 107 Hawaiʻi 95, 102-03, 110 P.3d 1042, 1049-50 (2005).

The Kalahikis objected to the New Certificate because the document did not bear the seal of the land court. The circuit court did not rule on the objection. Aurora also asked that the circuit court take judicial notice of the New Certificate. The circuit court did not rule on Aurora's request.

The Kalahikis' objection to the New Certificate had merit. HRS § 501-88 (2006) provides:

> The original certificate in the registration book, and any copy thereof duly certified under the signature of the registrar or assistant registrar, ***and the seal of the [land] court***, shall be received as evidence in all the courts of the State and shall be conclusive as to all matters contained therein, except as otherwise provided in this chapter.

(Emphasis added.) The document proffered by Aurora did not bear the seal of the land court. It was not admissible under HRS § 501-88.

Nor would it have been appropriate for the circuit court to have taken judicial notice of the New Certificate. In <u>Wells Fargo Bank v. Omiya</u>, 142 Hawaiʻi 439, 420 P.3d 370 (2018) the supreme court noted:

> HRS § 501-75 expressly provides that an original certificate of title "shall be signed by the assistant registrar and ***sealed with the seal of the court***," and, as stated, new certificates of title "shall be in like form" to the original certificate. HRS § 501-83.

<u>Id.</u> at 451 n.20, 420 P.3d at 382 n.20. Hawaii Rules of Evidence Rule 201(d) (2016) provides that "[a] court shall take judicial notice if requested by a party and ***supplied with the necessary information***." (Emphasis added.) Aurora did not provide the circuit court with the information necessary to take judicial notice — that is, a copy of the New Certificate sealed with the seal of the land court.

Aurora did not establish that it had "conclusive and unimpeachable" title to the Property.

**(2)** The action below was one for ejectment. To maintain an ejectment action, the plaintiff must prove that it has "the title to and right of possession of" the property at issue, and that "possession is unlawfully withheld by another." Kondaur Cap. Corp. v. Matsuyoshi, 136 Hawaiʻi 227, 241, 361 P.3d 454, 468 (2015) (citations omitted).

To establish it had title to the Property, Aurora also submitted a copy of the Quitclaim Deed. The Quitclaim Deed resulted from a nonjudicial foreclosure. Thus, Aurora had to show that the foreclosure sale "was fairly conducted and resulted in an adequate price under the circumstances." Omiya, 142 Hawaiʻi at 457 n.37, 420 P.3d at 388 n.37 (quoting Hungate v. L. Off. of David B. Rosen, 139 Hawaiʻi 394, 409, 391 P.3d 1, 16 (2017) (citing Kondaur, 136 Hawaiʻi at 240-42, 361 P.3d at 467-69)).

In support of its motion, Aurora submitted the "Mortgagee's **Affidavit of Foreclosure Sale** Under Power of Sale" filed in the land court. The Affidavit of Foreclosure Sale purported to describe the circumstances of the foreclosure auction:

> Upon the scheduled date, time and place, the sale was conducted and the subject mortgaged property declared sold to Aurora Loan Services, LLC, a Delaware Limited Liability Company, or its nominee, for $759,658.79, which was the highest bid at said sale.

In opposition to Aurora's motion, Merrille Kalahiki submitted a declaration stating (among other things) that the real property tax assessed value of the Property was "approximately $1,000,000[.]"

The supreme court has held:

> We further clarify that the mortgagee's duty to seek the best price under the circumstances does not require the mortgagee to obtain the fair market value of the property. Indeed, many commentators have observed that the foreclosure process commonly fails to produce the fair market value for foreclosed real estate. There are several reasons why foreclosure sales fail to attract fair market value bids, such as the difficulty in inspecting the subject properties,

> technical publication notices, marketable title concerns, and the lack of a willing seller. While final bids on foreclosed property need not equate to fair market values, the mortgagee nonetheless has a duty to use fair and reasonable means to conduct the foreclosure sale in a manner that is conducive to obtaining the best price under the circumstances.

Hungate, 139 Hawaiʻi at 408-09, 391 P.3d at 15-16 (cleaned up).

Aurora offered none of the information mentioned by the supreme court to show that its nonjudicial foreclosure was fairly conducted and resulted in an adequate price under the circumstances. On the record before us, there was a genuine issue of material fact about whether the nonjudicial foreclosure was fairly conducted and resulted in an adequate price under the circumstances. The circuit court thus erred by granting Aurora's MSJ.[2]

**(3)** The Kalahikis argue that Benchmark assigned the Mortgage to Aurora "through fraudulent action." They cite no evidence in the record to support their contention of fraud;[3] they rely solely upon "information and belief."

Moreover, as mortgagors, the Kalahikis lack standing to challenge the validity of the assignment. "Typically, borrowers do not have standing to challenge the validity of an assignment of its [sic] loans because they are not parties to the [assignment] agreement and because noncompliance with a[n assignee] trust's governing document is irrelevant to the assignee's standing to foreclose." U.S. Bank Nat'l Ass'n v. Salvacion, 134 Hawaiʻi 170, 175, 338 P.3d 1185, 1190 (App. 2014) (citations omitted).

---

[2]     We express no opinion about whether, if Aurora establishes on remand that a new certificate of title was issued based upon the Quitclaim Deed, it need still show that the nonjudicial foreclosure was fairly conducted and resulted in an adequate price under the circumstances. See Omiya, 142 Hawaiʻi at 449, 420 P.3d at 380 ("[A] mortgagor's right to directly impeach a foreclosure proceeding is 'expressly limited to the period before entry of a new certificate of title.'") (quoting Aames, 107 Hawaiʻi at 101, 110 P.3d at 1048).

[3]     Fraud must be proved by "clear and convincing evidence." Hancock v. Kulana Partners, 145 Hawaiʻi 374, 377 n.3, 452 P.3d 371, 374 n.3 (2019)

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

For the foregoing reasons, the Judgment and the Judgment for Possession, both entered by the circuit court on March 13, 2018, are vacated, and this case is remanded to the circuit court for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, October 14, 2022.

On the briefs:

Gary V. Dubin,
Frederick J. Arensmeyer,
Matthew K. Yoshida,
for Defendants-Appellants
Joseph Kalanui Kalahiki, Jr.
and Merrille Kanoelani Kalahiki.

Andrew J. Lautenbach,
Sianha M. Gualano,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge