**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000576
31-OCT-2024
08:47 AM
Dkt. 102 ORD**

NOS. CAAP-20-0000576, CAAP-20-0000577 and CAAP-20-0000578

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

### CAAP-20-0000576

BERNARDO PANUELOS, Plaintiff-Appellant,
and
CATHERINE BOYD; STEPHEN BURGSTALLER; CRISTINA
BURGSTALLER; JACQUELINE BUI; MARIETTA B. HICKEY
aka MARIETTA BOMBARDIERI; PAMELA B. SHULTS;
ANDRICK C.Y. TONG; BARBARA J.K. DUARTE;
BRUCE A. FOX; STEVEN V. TAYLOR; MIA B. TAYLOR;
SHELLEY M. BUCK; FARZAD AZAD; KATHRYN M. AZAD;
GARY W. FEINER; MICHAEL J. HILLINGER;
and LISA M. HILLINGER, Plaintiffs-Appellees,
v.
BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; HIGHTECHLENDING, INC.;
DAVID FUGATE; AMERICAN SAVINGS BANK, F.S.B.;
JEFFREY T. DANA; JENNIFER M. HAGUE; MATTHEW ROBERT BUSH;
HEATHER NOEL BENNETT; QUICKEN LOANS, INC.; MARK BURROWES;
RONALD K. SCOTT; SHERYL RAE SCOTT; PROVIDENT FUNDING
ASSOCIATES, L.P.; DEREK D. KAWAIAEA; ACADEMY MORTGAGE
CORPORATION; FERNANDO FRONDA; EVERGREEN MONEYSOURCE
MORTGAGE COMPANY; ALVIN LEO SIPE AND SUSAN KITANIK SIPE,
INDIVIDUALLY AND AS TRUSTEES OF THE BLACK INK TRUST DATED
DECEMBER 27, 2016; GABRIEL L. BONDE; FRANK WHITNEY MacLEAN
AND PAMLA HAY MacLEAN, INDIVIDUALLY AND AS TRUSTEES
OF THE FRANK WHITNEY MacLEAN AND PAMLA HAY MacLEAN
REVOCABLE LIVING TRUST DATED NOVEMBER 3, 2004;
CHARLES Z. FEDAK; MERI L. FEDAK; CLAYTON T. HAUSEUR
AND GRACE K. HAUSEUR, INDIVIDUALLY AND AS
TRUSTEES OF THE HAUSEUR FAMILY TRUST DATED
JANUARY 17, 2008; WELLS FARGO BANK, N.A.,
Defendants-Appellees;
and DOE DEFENDANTS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC191000153)

and

**CAAP-20-0000577**
MICHAEL J. HILLINGER and LISA M. HILLINGER,
Plaintiffs-Appellants,
and
CATHERINE BOYD; STEPHEN BURGSTALLER; CRISTINA
BURGSTALLER; JACQUELINE BUI; MARIETTA B. HICKEY
aka MARIETTA BOMBARDIERI; PAMELA B. SHULTS;
ANDRICK C.Y. TONG; BARBARA J.K. DUARTE;
BRUCE A. FOX; STEVEN V. TAYLOR; MIA B. TAYLOR;
SHELLEY M. BUCK; FARZAD AZAD; KATHRYN M. AZAD;
GARY W. FEINER; BERNARDO PANUELOS,
Plaintiffs-Appellees,
v.
BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; HIGHTECHLENDING, INC.;
DAVID FUGATE; AMERICAN SAVINGS BANK, F.S.B.;
JEFFREY T. DANA; JENNIFER M. HAGUE; MATTHEW ROBERT BUSH;
HEATHER NOEL BENNETT; QUICKEN LOANS, INC.; MARK BURROWES;
RONALD K. SCOTT; SHERYL RAE SCOTT; PROVIDENT FUNDING
ASSOCIATES, L.P.; DEREK D. KAWAIAEA; ACADEMY MORTGAGE
CORPORATION; FERNANDO FRONDA; EVERGREEN MONEYSOURCE
MORTGAGE COMPANY; ALVIN LEO SIPE AND SUSAN KITANIK SIPE,
INDIVIDUALLY AND AS TRUSTEES OF THE BLACK INK TRUST DATED
DECEMBER 27, 2016; GABRIEL L. BONDE; FRANK WHITNEY MacLEAN
AND PAMLA HAY MacLEAN, INDIVIDUALLY AND AS TRUSTEES
OF THE FRANK WHITNEY MacLEAN AND PAMLA HAY MacLEAN
REVOCABLE LIVING TRUST DATED NOVEMBER 3, 2004;
CHARLES Z. FEDAK; MERI L. FEDAK; CLAYTON T. HAUSEUR
AND GRACE K. HAUSEUR, INDIVIDUALLY AND AS
TRUSTEES OF THE HAUSEUR FAMILY TRUST DATED
JANUARY 17, 2008; WELLS FARGO BANK, N.A.,
Defendants-Appellees;
and DOE DEFENDANTS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC191000153)

and

**CAAP-20-0000578**
JACQUELINE BUI, Plaintiff-Appellant,
and
CATHERINE BOYD; STEPHEN BURGSTALLER; CRISTINA
BURGSTALLER; MARIETTA B. HICKEY
aka MARIETTA BOMBARDIERI; PAMELA B. SHULTS;
ANDRICK C.Y. TONG; BARBARA J.K. DUARTE;
BRUCE A. FOX; STEVEN V. TAYLOR; MIA B. TAYLOR;
SHELLEY M. BUCK; FARZAD AZAD; KATHRYN M. AZAD;
GARY W. FEINER; BERNARDO PANUELOS;

MICHAEL J. HILLINGER; and LISA M. HILLINGER,
Plaintiffs-Appellees,
v.
BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; HIGHTECHLENDING, INC.;
DAVID FUGATE; AMERICAN SAVINGS BANK, F.S.B.;
JEFFREY T. DANA; JENNIFER M. HAGUE; MATTHEW ROBERT BUSH;
HEATHER NOEL BENNETT; QUICKEN LOANS, INC.; MARK BURROWES;
RONALD K. SCOTT; SHERYL RAE SCOTT; PROVIDENT FUNDING
ASSOCIATES, L.P.; DEREK D. KAWAIAEA; ACADEMY MORTGAGE
CORPORATION; FERNANDO FRONDA; EVERGREEN MONEYSOURCE
MORTGAGE COMPANY; ALVIN LEO SIPE AND SUSAN KITANIK SIPE,
INDIVIDUALLY AND AS TRUSTEES OF THE BLACK INK TRUST DATED
DECEMBER 27, 2016; GABRIEL L. BONDE; FRANK WHITNEY MacLEAN
AND PAMLA HAY MacLEAN, INDIVIDUALLY AND AS TRUSTEES
OF THE FRANK WHITNEY MacLEAN AND PAMLA HAY MacLEAN
REVOCABLE LIVING TRUST DATED NOVEMBER 3, 2004;
CHARLES Z. FEDAK; MERI L. FEDAK; CLAYTON T. HAUSEUR
AND GRACE K. HAUSEUR, INDIVIDUALLY AND AS
TRUSTEES OF THE HAUSEUR FAMILY TRUST DATED
JANUARY 17, 2008; WELLS FARGO BANK, N.A.,
Defendants-Appellees;
and DOE DEFENDANTS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC191000153)


**ORDER**
(By: Hiraoka, Presiding Judge, Nakasone and Guidry, JJ.)

Jacqueline **Bui** seeks reconsideration of part III.D of our September 24, 2024 Memorandum Opinion, in which we held that her quiet title and ejectment claims against Matthew Robert **Bush** and Heather Noel **Bennett** (who bought Bui's foreclosed property from Bank of America, N.A. (**BANA**) after BANA sold the property to itself in a nonjudicial foreclosure) were time-barred under Hawaii Revised Statutes (**HRS**) § 657-1(4), Delapinia v. Nationstar Mortgage LLC, 150 Hawaiʻi 91, 104, 497 P.3d 106, 119 (2021) (**Delapinia II**) ("sales pursuant to a wrongful foreclosure are voidable, regardless of whether the violation was statutory or contractual, substantial or a mere irregularity"), and Hancock v. Kulana Partners, LLC, 145 Hawaiʻi 374, 382, 452 P.3d 371, 379 (2019) (holding that HRS § 657-1(4) applies to claim that deed was voidable).

Bui's only argument warranting consideration under Hawai'i Rules of Appellate Procedure Rule 40(b) is that we should not have applied Delapinia II retroactively. In Delapinia II, the supreme court held "that wrongful foreclosures in violation of the power of sale are voidable, and to the extent Silva[ v. Lopez, 5 Haw. 262 (Haw. Kingdom 1884)] is to the contrary, it is overruled." 150 Hawai'i at 93, 497 P.3d at 108. Bui contends that Silva was good law when she filed her amended complaint in 2019, and there is no statute of limitations to challenge a void foreclosure.

BANA and Bush and Bennett counter that Delapinia II didn't create a new rule of law — it clarified "that a wrongful foreclosure that violates the power of sale is voidable, not void." Id. at 101, 497 P.3d at 116. We stated as much in Delapinia v. Nationstar Mortgage LLC, 146 Hawai'i 218, 229, 458 P.3d 929, 940 (App. 2020), aff'd in part, vacated in part, 150 Hawai'i 91, 497 P.3d 106 (2021):

> While it is true that the supreme court has not expressly overruled Silva, the supreme court has more recently held that improper foreclosure sales are voidable.
>
> . . . .
>
> In light of the supreme court's more recent holdings, we decline to adopt the Delapinias' reliance on Silva and Lee[ v. HSBC Bank USA, 121 Hawai'i 287, 218 P.3d 775 (2009)]. We conclude that improper foreclosure sales are voidable, rather than void, and that the supreme court has either distinguished or impliedly overruled its earlier decisions holding to the contrary.

Id. at 229, 458 P.3d at 940.

Of this, the supreme court stated: "to the extent the ICA concluded that Silva has been impliedly overruled, it erred. . . . That said, Silva is inconsonant with the direction of our recent precedent, and we clarify today that a wrongful foreclosure that violates the power of sale is voidable, not void." Delapinia II, 150 Hawai'i at 101, 497 P.3d at 116.

Whether or not <u>Delapinia II</u> created new law, judicial decisions are assumed to apply retroactively.  <u>League of Women Voters of Honolulu v. State</u>, 150 Hawaiʻi 182, 207, 499 P.3d 382, 407 (2021); <u>State v. Ikezawa</u>, 75 Haw. 210, 220, 857 P.2d 593, 597 (1993).  As for the retroactive effect of new law, the supreme court has stated:

> We recognize that we announce a new rule in this case, and that we are free to apply this new rule with or without retroactivity.  This court has generally considered three primary alternatives in deciding to what degree a new rule is to have retroactive effect.  First, this court may give a new rule purely prospective effect, which means that the rule is applied neither to the parties in the law-making decision nor to those others against or by whom it might be applied to conduct or events occurring before that decision.  Second, this court may give a new rule limited or pipeline retroactive effect, under which the rule applies to the parties in the decision and all cases that are on direct review or not yet final as of the date of the decision.  Third, this court may give a new rule full retroactive effect, under which the rule applies both to the parties before the court and to all others by and against whom claims may be pressed. . . .

> In exercising our discretion in deciding the effect of a new rule, we weigh the merits and demerits of retroactive application of the particular rule in light of (a) the purpose of the newly announced rule, (b) the extent of reliance . . . on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards.

<u>Lewi v. State</u>, 145 Hawaiʻi 333, 349 n.21, 452 P.3d 330, 346 n.21 (2019) (cleaned up).

When the supreme court intended to limit new law's retroactive effect, it has said so and explained why.  <u>See</u>, <u>e.g.</u>, <u>Wilmington Sav. Fund Soc'y, FSB v. Domingo</u>, 155 Hawaiʻi 1, 16, 556 P.3d 347, 362 (2024) (giving limited retroactive effect to partial overruling of <u>Bank of Am., N.A. v. Reyes-Toledo</u>, 143 Hawaiʻi 249, 428 P.3d 761 (2018)).  The <u>Delapinia II</u> opinion did not give its overruling of <u>Silva</u> purely prospective or limited retroactive effect.  We must, and did, apply it to Bui's claims against Bush and Bennett for quiet title and ejectment.

Bui's October 8, 2024 Motion for Partial Reconsideration of the September 24, 2024 Memorandum Opinion is denied.

DATED: Honolulu, Hawaiʻi, October 31, 2024.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge