**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000531
25-JUN-2025
07:59 AM
Dkt. 55 SO**

NO. CAAP-22-0000531

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CRAIG PHILIPS, ANN PHILIPS, Plaintiffs-Appellants,
and MALIA AYAME BEACH, Plaintiff-Appellee,
v.
ERIK MICHAELE ARENSDORF, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., CFBANK NATIONAL ASSOCIATION,
HAWAII STATE FEDERAL CREDIT UNION, and BANK OF AMERICA, N.A.,
Defendants-Appellees,
and
DOE DEFENDANTS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CCV-20-0000306)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting C.J., and Wadsworth and Guidry, JJ.)

Plaintiffs-Appellants Craig Philips and Ann Philips
(the **Philipses**) appeal from the August 2, 2022 Judgment entered
in favor of Defendant-Appellee CFBank National Association
(**CFBank**), pursuant to Hawaiʻi Rules of Civil Procedure Rule
54(b), by the Circuit Court of the Second Circuit (**Circuit
Court**).[1] The Philipses also challenge the Circuit Court's: (1)
August 2, 2022 "Order Granting . . . CFBank['s] . . . Motion to
Dismiss Complaint or Alternatively for Summary Judgment (**Summary
Judgment Order**); and (2) August 16, 2022 "Order Denying
Plaintiffs' Motion for Partial Reconsideration as to Count III in
the Order Granting in Part and Denying in Part Defendants Bank of
America, N.A. and Mortgage Electronic Registration Systems,
Inc.'s Motion to Dismiss Complaint, Filed March 29, 2021, Filed

---

[1] The Honorable Kirsten M. Hamman presided.

August 2, 2021 [Dkt. 52]" (**Order Denying Reconsideration**).

In 2009, BAC Home Loans Servicing, LP (**BAC**), predecessor in interest to Defendant-Appellee Bank of America, N.A. (**BANA**), initiated a non-judicial foreclosure of the Philipses' property in Kihei (**Property**).  The Property was sold to BAC at public auction in 2010.  BAC conveyed the Property to Federal Home Loan Mortgage Corporation, which in turn conveyed the Property to Defendant-Appellee Erik Michaele Arensdorf (**Arensdorf**) via limited warranty deed in 2011.  In 2018, Arensdorf obtained a loan from CFBank, and encumbered the Property with a mortgage in favor of Defendant-Appellee Mortgage Electronic Registration Systems, Inc. (**MERS**), as nominee for CFBank.  In 2019, Arensdorf obtained a revolving line of credit from Defendant-Appellee Hawaii State Federal Credit Union (**HSFCU**), and encumbered the Property with a mortgage in favor of HFSCU.

On November 2, 2020, the Philipses and Plaintiff-Appellee Malia Ayame Beach filed a complaint comprising three counts:  (1) wrongful deprivation of real property against BANA and its predecessors (Count I); (2) unfair and deceptive trade practices and unfair methods of competition under Hawaii Revised Statutes (**HRS**) Chapter 480 against BANA and its predecessors (Count II); and (3) quiet title and ejectment (**QTE**) by the Philipses only against Arensdorf, MERS, CFBank, and HSFCU (collectively, the **QTE Defendants**) (Count III).  Count III alleged, in part by incorporation, that:  (1) the Philipses seek return of title and possession of property "taken from them in a foreclosure contrary to the power of sale and the governing statute"; (2) the non-judicial foreclosure of the Property failed to comply with the power of sale clause in the subject mortgage and the requirements of HRS Chapter 667; (3) therefore, all resulting "sales, conveyances, and deeds must be treated as void"; (4) because "the mortgagee's quitclaim deed to itself or its nominee was void ab initio, the deed to the QTE Defendants who claim title of record and the mortgagees to their mortgages were likewise void ab initio"; and (6) alternatively, "the deed and mortgages in question are at least voidable."

2

On March 29, 2021, BANA and MERS moved to dismiss the complaint. MERS argued in part that Count III was time-barred by the six-year statute of limitations (**SOL**) in HRS § 657-1. On August 2, 2021 the Circuit Court[2/] entered an order granting in part and denying in part the motion, which granted the motion as to Count III based on the six-year SOL (**MERS Dismissal Order**).

On May 24, 2022, CFBank filed a motion to dismiss the complaint or alternatively for summary judgment (**CFBank Motion**) based on the six-year SOL.

On June 9, 2022, the Philipses moved for reconsideration of the MERS Dismissal Order (**Reconsideration Motion**), which the Circuit Court, Judge Hamman presiding, denied via a June 28, 2022 minute order.

On August 2, 2022, the Circuit Court entered the Summary Judgment Order, which treated the CFBank Motion as a summary judgment motion and granted it. The court also entered the Judgment pursuant to HRCP Rule 54(b).

On appeal, the Philipses contend that the Circuit Court erred in: (1) entering the Summary Judgment Order "because it erroneously concluded that, as a matter of law, the Complaint against the QTE Defendants in Count III was barred by a six-year statute of limitations"; and (2) denying the Reconsideration Motion.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the Philipses' contentions as follows:

(1) The Philipses contend that the Circuit Court erred because their QTE claim, as alleged in Count III of the complaint, is not a personal action subject to the six-year SOL in HRS § 657-1(4), but rather, is a "real action" subject to the twenty-year SOL in HRS § 657-31 (2016).

We recently addressed a similar argument made in consolidated appeals from a wrongful foreclosure lawsuit brought against Bank of America, N.A. and others. See <u>Panuelos v. Bank</u>

_____

[2/] The Honorable Blaine J. Kobayashi presided over the motion.

of America, N.A., Nos. CAAP-20-0000576, CAAP-20-0000577 & CAAP-20-0000578, 2024 WL 4275578 (Haw. App. Sept. 24, 2024) (Mem.). There, we held that a plaintiff's quiet title and ejectment claims against defendants who had bought the plaintiff's foreclosed property from the bank after it sold the property to itself in a nonjudicial foreclosure were time-barred under HRS § 657-1(4), Delapinia v. Nationstar Mortg. LLC, 150 Hawai'i 91, 104, 497 P.3d 106, 119 (2021) (Delapinia II), and Hancock v. Kulana Partners, LLC, 145 Hawai'i 374, 382, 452 P.3d 371, 379 (2019). See Panuelos, 2024 WL 4275578 at *4-*5. We reasoned:

> The First Amended Complaint doesn't allege that [defendants] Bush and Bennett's deed was forged or had been procured by fraud in the factum. Thus, the deed is at most voidable, not void. See Delapinia[ II], 150 Hawai'i at 104, 497 P.3d at 119 ("sales pursuant to a wrongful foreclosure are voidable, regardless of whether the violation was statutory or contractual, substantial or a mere irregularity"). HRS § 657-1(4)'s six-year statute of limitations applies to a claim that a deed is voidable because the foreclosure from which it resulted was wrongful. Cf. Hancock[], 145 Hawai'i [at] 382, 452 P.3d [at] 379 . . . (holding that HRS § 657-1(4) applies to claim that deed was voidable).
>
> [Plaintiff] Bui argues, "Count III (her quiet title claim) is not a claim to void an instrument to which Bui was a party, or a claim for compensation for deprivation of title, *but a claim to declare title in Bui*" and "there is *no limitations period* for a quiet title claim." Bui's argument exalts form over substance. HRS Chapter 669 governs quieting title. HRS § 669-1(a) (2016) allows actions "brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim." HRS Chapter 669 prescribes a remedy; it does not have its own statute of limitations. But there must be a legal basis to invoke the remedy of determining competing title claims. Here, Bui claims superior title because Bush and Bennett's deed is voidable, having resulted from a wrongful foreclosure. That claim is subject to HRS § 657-1(4)'s six-year statute of limitations.

Id. (footnote omitted; original brackets omitted).

The same analysis applies here. Based on the allegations in the Philipses' complaint, the deed to Arensdorf is at most voidable, not void. The Philipses' argument here is the same argument that Bui made in Panuelos, and it similarly "exalts form over substance." Id. at * 5. There must be a legal basis to invoke the remedies the Philipses seek and, as in Panuelos, it is the allegedly wrongful foreclosure. That claim is subject to HRS § 657-1(4)'s six-year statute of limitations. The foreclosed

Property was sold to BAC in 2010, and Arensdorf's deed was recorded in 2011, over six years before the Philipses filed their complaint in 2020.  The Philipses' QTE "claim" against CFBank is therefore time-barred.

The Philipses argue that Silva v. Lopez, 5 Haw. 262 (Haw. Kingdom 1884), was controlling case law when they filed the complaint, and Delapinia II should not be applied retroactively. We addressed this issue in denying plaintiff Bui's motion for partial reconsideration in Panuelos v. Bank of America, N.A., Nos. CAAP-20-0000576, CAAP-20-0000577 & CAAP-20-0000578, 2024 WL 4633990 (Haw. App. Oct. 31, 2024).  We ruled in relevant part:

> In Delapinia II, the supreme court held "that wrongful foreclosures in violation of the power of sale are voidable, and to the extent Silva . . . is to the contrary, it is overruled." 150 Hawaiʻi at 93, 497 P.3d at 108 . . . .
>
> . . . .
>
> Whether or not Delapinia II created new law, judicial decisions are assumed to apply retroactively.  League of Women Voters of Honolulu v. State, 150 Hawaiʻi 182, 207, 499 P.3d 382, 407 (2021); State v. Ikezawa, 75 Haw. 210, 220, 857 P.2d 593, 597 (1993) . . . .
>
> . . . .
>
> When the supreme court intended to limit new law's retroactive effect, it has said so and explained why.  See, e.g., Wilmington Sav. Fund Soc'y, FSB v. Domingo, 155 Hawaiʻi 1, 16, 556 P.3d 347, 362 (2024) (giving limited retroactive effect to partial overruling of Bank of Am., N.A. v. Reyes-Toledo, 143 Hawaiʻi 249, 428 P.3d 761 (2018)). The Delapinia II opinion did not give its overruling of Silva purely prospective or limited retroactive effect.  We must, and did, apply it to Bui's claims against Bush and Bennett for quiet title and ejectment.

Id. at *1-*2.

For the same reason, we must apply the Delapinia II opinion to the Philipses QTE "claim" against CFBank.  As in Panuelos, the Circuit Court here did not err in concluding that the Philipses' QTE "claims" against CFBank were time-barred.

(2) The Philipses contend that the Circuit Court erred in denying the Reconsideration Motion, which sought reconsideration of the MERS Dismissal Order.  The Philipses argue that the Reconsideration Order "erroneously concluded that, as a matter of law, the Complaint against the QTE Defendants in Count III was barred by a six-year [SOL] . . . ."  They assert that the

MERS Dismissal Order is wrong for the same reasons that the Summary Judgment Order is wrong.

The Philipses acknowledge that the MERS Dismissal Order itself "cannot be appealed directly[.]"[3] They argue, however, that the order "was successfully relied on by CFBank as 'law of the case' and hence incorporated into the Summary Judgment Order[,]" and is therefore "necessarily subsumed into the appealable final Judgment . . . ."

We concluded above that Count III is subject to HRS § 657-1(4)'s six-year statute of limitations, and Delapinia II applies to Count III. To the extent the SOL ruling in the MERS Dismissal Order formed the basis of the Summary Judgment Order, the Circuit Court did not abuse its discretion in denying the Reconsideration Motion.

For the reasons discussed above, the "Order Granting Defendant CFBank National Association's Motion to Dismiss Complaint or Alternatively for Summary Judgment" and the Judgment, both entered on August 2, 2022, by the Circuit Court of the Second Circuit, are affirmed.

DATED:  Honolulu, Hawaiʻi, June 25, 2025.


On the briefs:

James J. Bickerton,
Bridget G. Morgan-Bickerton,
Jeremy K. O'Steen
(Bickerton Law Group) and
Van-Alan H. Shima
(Affinity Law Group)
for Plaintiffs-Appellants.

Kevin W. Herring and
Brennan M. Wong
(Ashford & Wriston)
for Defendant-Appellee
CFBank National Association.

/s/ Katherine G. Leonard
Acting Chief Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Kimberly T. Guidry
Associate Judge

---

[3] An order denying a post-judgment motion for reconsideration is independently appealable under HRS § 641-1(a). See Ditto v. McCurdy, 103 Hawaiʻi 153, 160, 80 P.3d 974, 981 (2003). Here, however, the Circuit Court did not reduce the MERS Dismissal Order to a judgment. The Order Denying Reconsideration is therefore not an appealable post-judgment order.